UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Jeremy Andrew Meltzer,                      Bankruptcy Case No. 19-21110-PRW
                                                                       Chapter 13

                       Debtor.

## DECISION AND ORDER
## DISMISSING CHAPTER 13 CASE FOR CAUSE AND
## ENJOINING THE DEBTOR FROM FILING A BANKRUPTCY CASE
## FOR A PERIOD OF 18 MONTHS, WITHOUT FIRST
## OBTAINING PERMISSION OF THIS COURT

PAUL R. WARREN, U.S.B.J.

      Jeremy Meltzer filed this Chapter 13 case, as a debtor acting *pro se*. The Chapter 13 Trustee has moved to dismiss this case under 11 U.S.C. § 1307(c) because Mr. Meltzer failed to file the statements, schedules, a certificate of credit counseling, a Chapter 13 plan and failed to appear for the meeting of creditors, all as required by the Code. (ECF Nos. 21, 4, 5). The Trustee seeks, as additional and independent forms of relief, that Mr. Meltzer's case be dismissed "with prejudice" and that Mr. Meltzer be enjoined from filing a bankruptcy petition anywhere in the United States for a period of two years. (ECF No. 21).

      The Court finds that Mr. Meltzer's use of the bankruptcy system demonstrates a lack of good faith, when viewed through a lens focused on this case and the previous two Chapter 13 cases filed by Mr. Meltzer (and dismissed by this Court) in slightly more than eleven months. Cause exists to dismiss this case under 11 U.S.C. §1307(c)(1), (3) and (4). The absence of good faith by Mr. Meltzer is independent cause for the Court to dismiss this case under 11 U.S.C. § 1307(c). And, the absence of good faith is also reason for this Court to exercise its discretion, under 11

U.S.C. §§ 105(a) and 349(a), and enjoin Mr. Meltzer from filing a petition in bankruptcy for 18 months, so as to provide a reasonably sufficient period of time for PHH Mortgage Corporation to complete the foreclosure action against property owned by Mr. Meltzer, located at 75 Chadwick Drive in the Town of Brighton. However, the Court declines to dismiss this case "with prejudice" as requested by the Trustee.

The motion of the Trustee is **GRANTED in part** and **DENIED in part.**

I.

JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 FRBP.

II.

ISSUES

The Trustee's motion presents three related but discrete issues. First, whether Mr. Meltzer's petition should be dismissed for cause and as a bad faith filing under § 1307(c) of the Code. Second, given his recent history of eve-of-foreclosure bankruptcy petition filings, whether Mr. Meltzer should be enjoined from filing a bankruptcy petition for an extended period of time. Third, whether Mr. Meltzer's petition should be dismissed "with prejudice." The answer to the first two questions is Yes. The answer to the third question is No.

2

## III.

## FACTS

Mr. Meltzer has not paid a debt that he owes to PHH in a very long time. That debt is secured by a mortgage on Mr. Meltzer's home, located at 75 Chadwick Drive in Brighton, New York. It appears that Mr. Meltzer made only three monthly mortgage payments during the 36 months from September 1, 2016 through November 19, 2019. (*See* Case No. 19-21110, Claims Register, Claim 3-1, Part 5). During that same period of time, Mr. Meltzer failed to pay the real estate taxes and insurance premiums on the Chadwick Drive property. (*Id.*) PHH was forced to advance the amounts necessary to pay those real estate taxes and insurance premiums, to protect its security interest in the property.

It would seem likely that Mr. Meltzer's failure to pay the mortgage on Chadwick Drive pre-dates the September 1, 2016 date set out in the PHH proof of claim. According to the Monroe County Clerk, on January 15, 2015, PHH commenced its first mortgage foreclosure action against Mr. Meltzer in Monroe County Supreme Court. (Monroe County Clerk's Office, Index No. I2015000455, Control No. 201501150305). That action was discontinued by stipulation of the parties in October 2016. (*Id.* at Control No. 20160060659). Soon after the discontinuance of that action, in March 2017, PHH commenced its second mortgage foreclosure action against Mr. Meltzer in state court. (Monroe County Clerk's Office, Index No. I2017002887, Control No. 201703170436). On June 14, 2018, PHH was granted a judgment of foreclosure and sale by the Monroe County Supreme Court. (*Id.* at Control No. 201806140095).

To stop PHH from exercising its right to sell the property under the judgment of foreclosure, Mr. Meltzer filed a Chapter 13 petition on November 26, 2018. (Case No. 18-21215-PRW). Mr. Meltzer acknowledged that his reason for filing was to stop the foreclosure sale of his

home. (*Id.* at ECF No. 18). In his Chapter 13 plan, Mr. Meltzer proposed to cure the nearly $44,500 pre-petition mortgage arrearage by making 60 monthly payments of $740.40, while maintaining the post-petition contractual payments of $1,596.00 each month during the 60-month life of the plan. (*Id.* at ECF No. 19). In breach of his proposed plan terms, Mr. Meltzer paid nothing to the Chapter 13 Trustee (to address the mortgage arrears) and paid nothing to PHH (to cover the monthly payments due on the mortgage debt post-petition). In March 2019, the Court entered an Order dismissing Mr. Meltzer's Chapter 13 case, on motion brought by the Trustee. (*Id.* at ECF Nos. 42, 33).

It is fair to presume that, following dismissal of the bankruptcy case, PHH once again undertook the procedural steps necessary under state law to enable it to execute on the judgment of foreclosure and sale. In response, Mr. Meltzer filed his second Chapter 13 case—staying any foreclosure sale—on July 11, 2019. (*See* Case No. 19-20692-PRW). This time, Mr. Meltzer acted *pro se*. And, this time, Mr. Meltzer filed only a bare-bones petition, without any of the required statements, schedules, official forms or a Chapter 13 plan. (*Id.* at ECF Nos. 1, 7). The Trustee quickly moved to dismiss the case for cause, under 11 U.S.C. § 1307(c)(3) and Rules 1007 and 3015(b) FRPB. (*Id.* at ECF No. 18). On August 19, 2019, the Court entered an Order dismissing Mr. Meltzer's second Chapter 13 case. (*Id.* at ECF No. 24).

And, like the mythical Sisyphus,[1] PHH once again began pushing its foreclosure judgment up the procedural hill, hoping to finally conduct a foreclosure sale of the Chadwick Drive property. Seemingly, having witnessed the power and immediacy of the automatic stay, Mr. Meltzer filed, *pro se*, his third Chapter 13 case on November 6, 2019. (Case No. 19-21110-PRW). Again, Mr. Meltzer filed only a bare-bones petition, without any of the required statements, schedules, official

---

[1] Albert Camus, *The Myth of Sisyphus* (1942).

forms, or a Chapter 13 plan. (*Id.* at ECF Nos. 1, 5). The meeting of creditors was held on December 11, 2019, under 11 U.S.C. § 341, and Mr. Meltzer failed to appear. That same day, the Trustee filed a motion to dismiss, under 11 U.S.C. § 1307(c).[2] In the present motion, the Trustee requests both that the dismissal be "with prejudice" and that Mr. Meltzer be enjoined from filing a bankruptcy case anywhere in the United States for a period of two years. And, consistent with his conduct in the previous cases before this Court, Mr. Meltzer ignored the motion entirely— neither filing a response nor appearing for the hearing on the Trustee's motion.[3]

IV.

DISCUSSION

A. <u>Cause Exists to Dismiss this Case</u>

The power to dismiss a Chapter 13 case derives principally from § 1307(c) of the Code. Congress provided the bankruptcy courts with a non-exclusive list of "cause" for dismissal in § 1307(c). *See* 11 U.S.C. § 1307(c)(1)-(11). The decision of whether to dismiss (or convert) a Chapter 13 case is left to the discretion of the bankruptcy court, giving consideration to the best interests of creditors and the estate. 11 U.S.C. § 1307(c). In addition, the absence of good faith by the debtor can serve as cause to dismiss or convert a Chapter 13 case under 11 U.S.C. § 1307(c). While there is no *per se* prohibition against serial filings of petitions in bankruptcy, a finding of

---

[2] Rather than submitting a memorandum of law in support of his motion, the Trustee merely cited the decision of the Second Circuit in *Casse v. Key Bank Nat'l Ass'n*, 198 F.3d 327 (2d Cir. 1999). (ECF No. 21 ¶ 12). The Trustee also attached to his motion a copy of a recent decision from the Connecticut Bankruptcy Court. (*Id.*). The Court would discourage attorneys from submitting copies of decisions as attachments to motions; that is a slothful and unacceptable substitute for a memorandum of law.

[3] Puzzlingly, PHH did not chime-in on any of the motions to dismiss Mr. Meltzer's three bankruptcy cases. Perhaps PHH has resigned itself to its Sisyphus-like fate.

5

fact by the bankruptcy court that a debtor is acting in bad faith—by making serial bankruptcy filings solely to thwart a mortgagee from exercising its legitimate contractual and state law foreclosure remedies—is "cause" to dismiss a bankruptcy case. *See In re Casse*, 198 F.3d 327, 332-33 (2d Cir. 1999).

Here, the Court finds that several grounds for dismissal exist. First, under 11 U.S.C. § 1307(c)(1), the failure of Mr. Meltzer to file any schedules, statements, official forms, an adequate protection calculation, and a Chapter 13 plan constitutes an unreasonable delay that is most assuredly prejudicial to creditors—and particularly prejudicial to PHH, a secured creditor entitled to adequate protection. Second, under 11 U.S.C. § 1307(c)(3), it cannot be disputed that Mr. Meltzer failed to timely file a Chapter 13 plan under § 1321. Third, under § 1307(c)(4), Mr. Meltzer has failed to commence making those payments required under § 1326. Finally, the Court determines, as a finding of fact, that Mr. Meltzer is acting and has acted in bad faith throughout this bankruptcy litigation, spanning the past eleven months.

The badges of bad faith in this case, and in Mr. Meltzer's prior two Chapter 13 cases, are many. In his first Chapter 13 case, Mr. Meltzer failed to make even a single payment under his plan. That case was filed for one reason—to stop PHH from completing its foreclosure on the Chadwick Drive property. (*See* Case No. 18-21215-PRW, ECF Nos. 18, 33). The failure of Mr. Meltzer to honor the "cure and maintain" provision of his plan was the basis for dismissal of that case. (*Id.* at ECF No. 19 ¶ 3.1 & ECF No. 42). In his second Chapter 13 case, Mr. Meltzer failed to file any schedules, statements or a Chapter 13 plan, but he succeeded in stopping the foreclosure sale of his home. (*See* Case No. 19-20692-PRW, ECF Nos. 7, 18, 24). In this, his third Chapter 13 case, Mr. Meltzer has again failed to file any schedules, statements, proof of credit counseling, an adequate protection calculation, a Chapter 13 plan, failed to commence making any payments

6

under § 1326 of the Code, and failed to appear at the meeting of creditors—but he again succeeded in stopping the foreclosure sale of his house. (*See* Case No. 19-21110-PRW, ECF Nos. 4, 20, 21). And, in the eleven months that Mr. Meltzer has been availing himself of the automatic stay by repeatedly filing eve-of-foreclosure bankruptcy petitions, the arrearages due on the PHH mortgage debt have mushroomed from $44,500 to over $70,000. (Case No. 19-21110-PRW, Claims Register, Claim No. 30-1). This series of bankruptcy petition filings by Mr. Meltzer demonstrates—and the Court finds as fact—that Mr. Meltzer is using the bankruptcy system solely to prevent PHH from foreclosing its mortgage, without any intention or ability to reorganize.

The best interests of creditors and the estate will be promoted by the dismissal of this case, under 11 U.S.C. § 1307(c)(1), (3), (4), and for cause, under § 1307(c) and § 105(a) for Mr. Meltzer's bad faith and abusive use of the bankruptcy system. The Trustee's motion requesting **DISMISSAL is GRANTED**.

### B. An 18-Month Injunction Barring the Filing of a Bankruptcy Petition is Appropriate

It is well-settled in the Second Circuit that the bankruptcy court is empowered to enjoin a debtor from future filings under 11 U.S.C. § 105(a) and § 349(a). The second clause of § 349(a) permits the Court to order that a dismissal is "with prejudice" to the filing of a subsequent petition by a debtor. *In re Casse*, 198 F.3d at 334-41. "To bar future filings, an order of dismissal must be 'with prejudice'; and bankruptcy courts look to §§ 105(a) and 349(a) for their authority to impose that sanction." *Id.* at 335. The Second Circuit has held that the 180-day bar to subsequent filings under § 109(g) of the Code "does not impose a temporal limitation upon [§ 105(a) and § 349(a)]." *Id.* at 339.

7

Case 2-19-21110-PRW, Doc 27, Filed 01/10/20, Entered 01/10/20 16:26:59, Description: Main Document , Page 7 of 12

Here, the Court Finds that Mr. Meltzer is acting and has acted in bad faith and is abusing the bankruptcy system. The three Chapter 13 petitions by Mr. Meltzer in the past eleven months have been filed solely to utilize the automatic stay to prevent PHH from enforcing its judgment of foreclosure and sale. Mr. Meltzer not only has made no effort to reorganize, he lacks the financial ability to do so. And during that time, whatever equity cushion PHH may have enjoyed has likely been largely eroded as a result of the delay caused by Mr. Meltzer's serial filings. The abuse of the bankruptcy system by Mr. Meltzer is cause for this Court to enjoin and bar Mr. Meltzer from filing another bankruptcy petition. But how long should Mr. Meltzer be enjoined from filing another bankruptcy petition?

The Trustee's motion requests that Mr. Meltzer be barred from filing a petition in bankruptcy for two years. The motion offers no analysis of why a two-year bar is an appropriate sanction in this case. The Second Circuit has endorsed the imposition of a temporary bar to filing of a further petition, if imposed for a sufficient period of time to enable a mortgagee an opportunity to complete a foreclosure against the debtor's property. *In re Casse*, 198 F.3d at 333, n.4. The Circuit expressly declined to reach the question of whether the bankruptcy court could permanently preclude a serial filer from filing bankruptcy petitions. *Id.* The imposition of a two-year injunction prohibiting Mr. Meltzer from filing a bankruptcy petition, as requested by the Trustee, seems more like knee-jerk-justice than a thoughtfully tailored remedy designed to fit this case.

Here, Mr. Meltzer has filed three bankruptcy cases in less than one year. Each Chapter 13 petition had its intended effect—the PHH foreclosure sale was stopped in its tracks. And, during the one-year delay caused by those serial filings, the arrearages owed to PHH by Mr. Meltzer skyrocketed from $44,500 to over $70,000. PHH has already been granted a judgment of foreclosure and sale, so PHH need only be protected from interference by Mr. Meltzer for enough

time to complete the foreclosure sale and post-foreclosure sale process. In an effort to protect the integrity of the bankruptcy system from abuse, and to provide PHH with a reasonable opportunity to complete its foreclosure action without interference, the Court exercises its discretion, under 11 U.S.C. § 105(a) and § 349(a), and **ENJOINS Mr. Meltzer from filing a bankruptcy petition anywhere in the United States for a period of 18 MONTHS from entry of this Order**. The Clerk of Court is directed to reject any petition tendered by Mr. Meltzer in violation of this Order. The Trustee's motion for a filing injunction is **GRANTED**, to the extend specified in this decision.

And, the Court deems it necessary to go a step or two further. First, to ensure that Mr. Meltzer cannot end-run this filing injunction by transferring the real property, in whole or in part—to a third-party who then files a bankruptcy petition—**the Court further exercises its discretion under § 105(a) of the Code and ORDERS that the 18-month filing injunction extends to include any entity (as defined in § 101(15) of the Code), insider (as defined in § 101(31)(A) of the Code), or person (as defined in § 101(41)(A) of the Code) claiming any interest in the real property located at 75 Chadwick Drive, Town of Brighton, New York**. Second, the Court finds that the filing of multiple bankruptcy petitions by Mr. Meltzer was part of a scheme to delay and hinder PHH from foreclosing its mortgage against the Chadwick Drive property. **Under 11 U.S.C. § 362(d)(4)(B), it is ORDERED that the automatic stay under § 362(a)** *will not* **be in effect as to any other bankruptcy petition filed within 18 months of this Order, purporting to affect the property located at 75 Chadwick Drive, Town of Brighton, New York.**

Should Mr. Meltzer or any debtor claiming an interest in the Chadwick Drive property wish to seek relief from the filing injunction and *in rem* relief imposed by this Order, that party must move for relief in this Court. The movant must serve all affected creditors and the United States Trustee with not less than 21 days notice of such a motion, *with personal service to be made* on

9

counsel to PHH appearing in the mortgage foreclosure action and on the United States Trustee. The Clerk of Court is directed to docket any such motion as a "Miscellaneous Proceeding," with a case caption identifying the movant as John/Jane Doe (or other fictitious name selected by the Clerk) to ensure that creditors are not misled in thinking that the automatic stay applies, unless and until this Court specifically orders otherwise. The filing fee for such a motion must be paid in full upon presentation of such motion, in an amount equal to the Chapter 13 filing fee applicable at that time.

### C. Dismissal With Prejudice Not Warranted

In the motion, the Trustee requests two distinct forms of relief: a two-year filing injunction and "dismissal with prejudice." (ECF No. 21, Prayer for Relief). A dismissal with prejudice is a different and very distinct remedy from a dismissal with an injunction prohibiting an abusive filer from access to the bankruptcy court for a period of time. The motion offers no discussion or facts to support the request for a dismissal with prejudice.

"A dismissal with prejudice must be distinguished from an order prohibiting the debtor from filing a bankruptcy case for some period of time in the future. The former determines whether debts owed at the time of filing the original bankruptcy petition can ever be discharged, but does not prevent the debtor from commencing a subsequent case that would otherwise be permitted by the Code. The latter does not affect whether particular debts can be discharged but determines whether the debtor has access to the bankruptcy court in the future." 3 *Collier on Bankruptcy* ¶ 349.02[3] (Richard Levin & Henry J. Sommer eds.,16th ed.). "Pursuant to Section 349, the vast majority of bankruptcy cases which are dismissed are dismissed without prejudice and the debts in existence at the time of the dismissal may be discharged in a future case. A dismissal with

10

prejudice is a measure rarely employed . . . ." *In re Jones*, 289 B.R. 436, 440 (Bankr. M.D. Ala. 2003). *See also In re Oliver*, 323 B.R. 769, 775 (Bankr. M.D. Ala. 2005) (citing *In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997) and *In re Leavitt*, 209 B.R. 935 (9th Cir. BAP 1997)).

The precise language and sentence structure used by Congress in 11 U.S.C. § 349(a) is untidy. There are two distinct clauses in § 349(a) that grant the bankruptcy courts the power (for cause) to affect an otherwise "standard" dismissal. In the first clause, unless the court orders otherwise, the statute provides that the dismissal of a case does not "*bar the discharge*"—in a subsequent case—of debts that were otherwise dischargeable in the dismissed case. In the second clause, unless the court orders otherwise, the statute provides that dismissal of a case does not "*prejudice*" the debtor from filing a subsequent bankruptcy case. A scrivener striving for precision may have been inclined to place the word "prejudice" in the first clause of § 349(a) and the word "bar" in the second clause.[4]

Here, the Trustee alleges no set of facts that would persuade the Court to exercise its discretion and dismiss this case with prejudice to the discharge of debts in existence from being candidates for discharge in a future case. Such a harsh remedy need not be meted out in this case. An injunction prohibiting the filing of a subsequent case affecting the 75 Chadwick Drive property for 18 months is punishment enough. The Trustee's request for dismissal of this case with prejudice to the dischargeability of Mr. Meltzer's debts presently in existence in a future case is **DENIED**.

---

[4] "But the wisdom of our ancestors is in the [statute]; and my unhallowed hands shall not disturb it, or the country's done for." Charles Dickens, *A Christmas Carol* Stave I, page 1 (Chapman & Hall 1843).

## IV.

## CONCLUSION

The motion of the Trustee is **GRANTED in part** and **DENIED in part**. This case is **DISMISSED** for cause, under 11 U.S.C. § 1307(c)(1), (3), and (4) and, under 11 U.S.C. § 1307(c) and § 105(a), as a bad faith filing made solely to hinder and delay a secured creditor from exercising its legitimate contractual and state law foreclosure remedies. In the exercise of its discretion, **Mr. Meltzer is ENJOINED from filing a bankruptcy petition anywhere in the United States for a period of 18 months from the date of entry of this Order, under 11 U.S.C. §§ 105(a) and 349(a).** The filing injunction runs with the land located at 75 Chadwick Drive, Town of Brighton, New York, to prevent Mr. Meltzer from avoiding the filing injunction by transferring the property to any entity, insider or person. A bankruptcy case filed during the pendency of this 18-month filing injunction, purporting to affect the 75 Chadwick Drive property, will not receive the benefit of the automatic stay as to 75 Chadwick Drive, Town of Brighton, New York, under 11 U.S.C. § 362(d)(4)(B), unless and until this Court orders otherwise. The Clerk of Court is directed to **REJECT** any bankruptcy petition presented by or on behalf of Mr. Meltzer in violation of this Order. Any motion seeking relief from this Order is to be docketed as a miscellaneous proceeding, with the name of the movant in the case caption to be identified fictitiously.

**IT IS SO ORDERED.**

DATED: January 10, 2020 _____/s/_____
      Rochester, New York                    HON. PAUL R. WARREN
                                                 United States Bankruptcy Judge